## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01891-KAS

SOPHIA CORNELL,

     Plaintiff,

v.

U.S. CUSTOMS AND BORDER PROTECTION,

     Defendant,

---

## MOTION BY DEFENDANT FOR AN
## EXTENSION OF TIME TO RESPOND TO COMPLAINT

---

Defendant U.S. Customs and Border Protection ("CBP") respectfully moves for an order pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and D.C.COLO.LCivR 6.1 to extend its time to answer or otherwise respond to the Complaint (ECF No. 1) by eight days, to July 10, 2026. Defendant's current deadline to respond to the Complaint is July 2, 2026, pursuant to the Stipulation the parties entered into at ECF No. 10. This is Defendant's first motion for an extension. As explained below, there is good cause for the Court to grant this relief.[1]

The gravamen of Plaintiff's Complaint is that CBP allegedly improperly rejected her Freedom of Information Act ("FOIA") request for records related to a 2021 shooting that occurred in Arizona. ECF No. 1. She seeks an order from the Court for CBP to produce the responsive, non-exempt records. *Id.* at 12.

---

[1] Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel for CBP has conferred with counsel for Plaintiff, who represented that Plaintiff opposes the relief sought in this motion.

1

Federal Rule of Civil Procedure 6(b)(1)(A) provides that the Court may extend a deadline for good cause if a motion for an extension is filed before the deadline passes. "District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties)." *Pepe v. Koreny*, 189 F.3d 478 (10th Cir. 1999) (internal citation and quotation marks omitted). "The inherent authority of a district court to manage its docket includes discretion to grant or deny continuances or extensions of time." *Id.*

Good cause exists here to grant the requested extension. CBP is an agency within the Department of Homeland Security (DHS). At the end of the day on February 14, 2026, the appropriations that had been funding DHS expired, and appropriations lapsed. Funding was not restored until April 30, 2026. CBP's FOIA operations were adversely affected by the lapse in funding. As a result, agency counsel for CBP has not yet been able to gather and evaluate the relevant agency records to allow undersigned counsel to prepare a response to the Complaint. The requested extension is therefore needed to provide CBP with additional time to research the facts and evaluate its defenses.

Because the requested extension is brief, only eight days, Plaintiff will not be prejudiced by the requested extension. Although Plaintiff seeks injunctive relief, she has not yet moved for any form of preliminary relief, and there are currently no other deadlines in this case.

Pursuant to D.C.COLO.LCivR 6.1(b), this is the first motion for an extension of the response deadline that CBP has filed, though the parties previously stipulated to an extension.

Pursuant to D.C.COLO.LCivR 6.1(c), a copy of this motion will be served on a representative for CBP.

## CONCLUSION

For the foregoing reasons, CBP respectfully requests that the Court issue an order granting it an extension of time of eight days, to and including July 10, 2026, to answer or otherwise respond to the Complaint, ECF No. 1.

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

*s/    Winnie D. Wu*
U.S. Attorney's Office

3