IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01891-KAS

SOPHIA CORNELL,

Plaintiff,

v.

U.S. CUSTOMS AND BORDER PROTECTION,

Defendant

---

## ANSWER

---

Defendant United States Customs and Border Protection ("CBP") responds to the Complaint (ECF No. 1), which alleges violation of the Freedom of Information Act ("FOIA"). All allegations not specifically admitted are denied.

## INTRODUCTION AND BACKGROUND

1.      This is an action under the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to declare unlawful and enjoin Customs and Border Protection's ("CBP") continued improper withholding of all reasonably segregable, non-exempt agency records. CBP continues to unlawfully withhold records about a U.S. Border Patrol agent's shooting of 37-year-old Marisol García Alcántra in the head on June 16, 2021, in Nogales, Arizona, and the events that followed that shooting.

**ANSWER:** CBP admits only that this action is brought under FOIA to compel the disclosure of records, and that Plaintiff seeks processing of her FOIA request and

1

the release of agency records. CBP denies the remaining allegations.

2.      Through the FOIA request described herein, Plaintiff sought agency records from Defendant CBP.

**ANSWER:** CBP admits the allegations in this paragraph.

3.      Defendant CBP failed to make a timely determination of Plaintiff's FOIA request as required by law, failed to adequately search for and respond to Plaintiff's FOIA request, improperly closed Plaintiff's FOIA request, and never informed Plaintiff of her right to appeal the closure, all in violation of the Act.

**ANSWER:** Paragraph 3 consists of legal conclusions to which no response is required. To the extent a response is required, CBP denies the allegations in this paragraph.

4.      Plaintiff Sophia Cornell, known under the pen name S.C. Cornell, a nationally recognized journalist, seeks declaratory and injunctive relief requiring Defendant to immediately process and release the requested records.

**ANSWER**: CBP admits that Plaintiff seeks declaratory and injunctive relief in this action but otherwise lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph 4 and therefore denies them.

### JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Plaintiff's request for injunctive relief is properly subject to this Court's subject-matter jurisdiction pursuant to 5 U.S.C.§

552(a)(4)(F) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

**ANSWER**: CBP admits that the Court has subject-matter jurisdiction over this action under FOIA, pursuant to 5 U.S.C. § 552(a)(4)(B).

6.      Venue is proper within this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(b)(1), (b)(2), and (e)(1).

**ANSWER**: CBP admits that venue is proper within this District.

7.      Plaintiff has exhausted all administrative remedies in connection with her FOIA requests, as detailed below.

**ANSWER**: Paragraph 7 consists of legal conclusions to which no response is required. To the extent a response is required, CBP admits only that it closed Plaintiff's FOIA request as insufficient and did not respond to her appeal of its closure of her FOIA request.

8.      Because Plaintiff brings this action after constructively or actually exhausting administrative remedies, this Court's jurisdiction is based on 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552(a)(6)(C)(i).

**ANSWER**: Paragraph 8 consists of legal conclusions to which no response is required. To the extent a response is required, CBP admits only that the Court has jurisdiction over this action under FOIA, pursuant to 5 U.S.C. § 552(a)(4)(B), and that CBP closed Plaintiff's FOIA request as insufficient and did not respond to her appeal of its closure of her FOIA request.

9.      Congress passed the Freedom of Information Act, 5 U.S.C. § 552, in 1966 "to establish a general philosophy of full agency disclosure," S. Rep. No. 89–813, at 3

(1965), and "to assure the availability of Government information necessary to an informed electorate," H.R. Rep. No. 89–1497, at 12 (1966), 1966 U.S.C.C.A.N. 2418, 2429.

> **ANSWER**: CBP admits that Congress passed FOIA in 1966. The remaining allegations in paragraph 9 do not set forth a claim for relief or allege facts in support of a claim to which a response is required, and instead purport to construe the contents of a Senate Report and a House of Representatives Report, to which no response is required. To the extent that a response is required, CBP admits only that this paragraph accurately quotes portions of the cited reports.

10.     The statute provides that, subject to certain enumerated exemptions for classified documents, agency personnel and medical files, confidential financial information, and the like (5 U.S.C. §§ 552(b)(1)-(9)), federal agencies generally must make their internal records available to the public upon request. *Id.* § 552(a)(3)(A).

> **ANSWER**: The allegations in paragraph 10 do not set forth a claim for relief or allege facts in support of a claim to which a response is required, and instead purport to construe the contents of a statute, to which no response is required. CBP respectfully refers the Court to the cited statutes for a true and accurate statement of its contents.

11.     As the Supreme Court has recognized, FOIA's disclosure regime shines a light on government operations "to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242

(1978).

> **ANSWER:** The allegations in paragraph 11 do not set forth a claim for relief or allege facts in support of a claim to which a response is required, and instead purport to construe the contents of a case, to which no response is required. To the extent that a response is required, CBP admits only that this paragraph accurately quotes a portion of the cited case.

## PARTIES

12.      Plaintiff Cornell is an essayist and journalist whose work has been published in outlets such as The New Yorker and the New York Review of Books.[1] Her work spans cultural commentary, literature reviews, and investigative reporting.[2] Cornell is slated to publish a nonfiction book on March 16, 2027, with Penguin Press chronicling a murder trial that took place on the U.S.-Mexico border.[3]

> **ANSWER:** CBP admits that the hyperlink provided in footnote one links to a website that states that "S. C. Cornell is a writer based in Mexico City. . .[h]er essays and reporting have appeared in The New Yorker, The New York Review

---

[1] *See, e.g.*, *S.C. Cornell, Selected Writing* (last visited May 1, 2026), https://sccornell.com/.

[2] *See, e.g.*, S.C. Cornell, *How Consent Can—And Cannot—Help Us Have Better Sex*, THE NEW YORKER (Jan 5. 2026), https://www.newyorker.com/magazine/2026/01/12/how-consent-can-and-cannot-help-us-have-better-sex; S.C. Cornell, *So You Want To Be a Genius*, THE NEW YORKER (June 16, 2025), https://www.newyorker.com/magazine/2025/06/23/the-genius-myth-helen-lewis-book-review; S.C. Cornell, *Death in Nogales*, THE N.Y. REV. OF BOOKS (Nov. 16, 2024), https://www.nybooks.com/online/2024/11/16/death-in-nogales/.

[3] *See S.C. Cornell, Selected Writing* (last visited May 1, 2026), https://sccornell.com/.

of Books, The Drift, and LIBER: A Feminist Review." CBP admits that the first two hyperlinks in footnote 2 link to two articles appearing on "The New Yorker," listing "S. C. Cornell" on the byline. CBP admits that the third hyperlink in footnote two links to an article appearing on "The New York Review," listing "S. C. Cornell" on the byline. CBP admits that the hyperlink provided in footnote three links to a website that states that "[S. C. Cornell's] first book, All Men Carry Weapons: A Murder Trial at the Border, will be out in March 2027 from Penguin Press." CBP is without sufficient information to admit or deny the remaining allegations in paragraph 12 and therefore denies them.

13.    Plaintiff's reporting and research for her investigative work draws on government records as an authoritative primary source for the official facts when investigating and writing about events taking place at or near the U.S. border.

**ANSWER:** CBP is without sufficient information to admit or deny the allegations in paragraph 13 and therefore denies them.

14.    Defendant CBP is an agency component of the U.S. Department of Homeland Security. CBP's stated mission is to "[p]rotect the American people, safeguard our borders, and enhance the nation's economic prosperity." The agency lists counter terrorism operations, combatting transnational crime, securing the border, facilitating lawful trade and protecting revenue, and facilitating lawful travel as "enduring mission [p]riorities." *See About CBP*, U.S. CUSTOMS & BORDER PROT. (last visited May 1, 2026).[4]

---

[4] https://www.cbp.gov/about.

**ANSWER:** CBP admits that it is an agency component of the U.S. Department of Homeland Security. CBP further admits that the hyperlink provided in footnote four links to the "About" page on cbp.gov, and that the paragraph accurately quotes portions of that web page.

15.     Defendant CBP is an agency within the meaning of 5 U.S.C. § 551(1). CBP has possession, custody, and control of records responsive to Plaintiff's FOIA request.

**ANSWER:** CBP admits only that it is a federal agency within the meaning of 5 U.S.C. § 551(1) and that Plaintiff's FOIA request purported to seek records in the possession, custody, and control of CBP.

## FACTUAL BACKGROUND

**U.S. Border Patrol agent shooting of Marisol García Alcántara**

16.     On June 16, 2021, Marisol García Alcántara crossed the U.S. Mexico border with a group of other migrants. They were picked up by a white KIA SUV, which Customs and Border Protection began to follow. *See* Kate Morrissey, *Woman shot in head by Border Patrol agent files claim for damages*, SAN-DIEGO UNION-TRIBUNE (Dec. 15, 2021) (hereafter "Morrissey San-Diego Union-Tribune Article").[5]

**ANSWER:** The allegations in paragraph 16 do not set forth a claim for relief or allege facts in support of a claim to which a response is required, and are immaterial to the claims at issue. *See* Fed. R. Civ. P. 12(f). To the extent a

---

[5] https://www.sandiegouniontribune.com/2021/12/15/woman-shot-in-head-by-border-patrol-agent-files-claim-for-damages/.

response is required, CBP admits that the hyperlink provided in footnote five links to an article appearing in "The San Diego Union-Tribune," titled "Woman shot in head by Border Patrol agent files claims for damages." CBP lacks sufficient information to form a belief as to the truth of the remaining allegations and therefore denies the same.

17.     Ms. García Alcántara, seated in the backseat of the car, noticed the car slowing down and then felt something strike her head. "From there," Ms. García Alcántara stated to the San-Diego Union-Tribune, "everything went dark, totally dark. I heard my companions asking for help because I was bleeding a lot." *Id.* (internal quotation marks omitted).

> **ANSWER:** The allegations in paragraph 17 do not set forth a claim for relief or allege facts in support of a claim to which a response is required, and are immaterial to the claims at issue. *See* Fed. R. Civ. P. 12(f). To the extent a response is required, CBP admits only that the article hyperlinked in footnote five discusses the experiences of a woman named Marisol García Alcántara and that this paragraph accurately quotes portions of that article. CBP lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the same.

18.     Responding to a report that U.S. Border Patrol Agents had been involved in a shooting, local Nogales police arrived on the scene, secured the perimeter, and conducted traffic around the scene. When a police officer asked the Border Patrol Supervisor on the scene if there was anything else the Supervisor needed from the local

police department, the Supervisor answered "no." [6] According to the Nogales police report, local police remained on the scene until the "arrival of the Border Patrol CIT team and Federal Bureau of Investigation." *See* NOGALES POLCE DEP'T, OFFICER REPORT FOR INCIDENT 210006105 4 (Aug. 8, 2021).[7]

> **ANSWER:** The allegations in paragraph 18 do not set forth a claim for relief or allege facts in support of a claim to which a response is required, and are immaterial to the claims at issue. *See* Fed. R. Civ. P. 12(f). To the extent a response is required, CBP lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the same.

19.     "CIT" stands for "Critical Incident Team" and refers to an investigative unit that existed within CBP devoted to investigating "critical incidents," which CBP defined as "an incident involving CBP personnel that results in a serious injury, a death, a use of deadly or excessive force, or widespread media attention." U.S. GOV'T ACCOUNTABILITY OFF., SOUTHWEST BORDER - CBP COULD TAKE ADDITIONAL STEPS TO STRENGTHEN ITS RESPONSE TO INCIDENTS INVOLVING ITS PERSONNEL 1 (May 2024).[8]

> **ANSWER:** The allegations in paragraph 19 do not set forth a claim for relief or

---

[6] When the same officer asked if the Border Patrol Supervisor could provide more information about the incident, the officer noted that "all [the Supervisor] could say was that they had a fail to yield with the Kia, and one shot was fired." *See* NOGALES POLCE DEP'T, OFFICER REPORT FOR INCIDENT 210006105 4 (Aug. 8, 2021).

[7] https://ewscripps.brightspotcdn.com/f9/16/2812391a4d12a261a9e973990419/npd-report-nogales-bp-shooting-6-16.pdf.

[8] https://www.gao.gov/assets/gao-24-106148.pdf.

Case No. 1:26-cv-01891-KAS    Document 14    filed 07/10/26    USDC Colorado    pg 10 of 24

allege facts in support of a claim to which a response is required, and are immaterial to the claims at issue. *See* Fed. R. Civ. P. 12(f). To the extent a response is required, CBP admits only that the paragraph accurately quotes a portion of the cited document.

20.    The Southern Border Community Coalition ("SBCC") first alerted the public to the existence of CITs in a 2021 letter to Congress urging for investigations into CIT units. The organization brought to light how CBP created CIT units without proper federal authority, how CIT units "exist[ed] to protect agents rather than the public," CBP's practice of making uses of force appear justified, and the agency's pattern of covering up incidents of "tamper[ing] with, corrupt[ing], and destroy[ing] evidence." Letter from Vicki Gaubeca, Dir., S. BORDER CMTYS. COAL., & Andrea Guerrero, Exec. Dir., ALLIANCE SAN DIEGO, to Congressional Leadership 1-3 (Oct. 27, 2021).[9]

> **ANSWER:** The allegations in paragraph 20 do not set forth a claim for relief or allege facts in support of a claim to which a response is required, and are immaterial to the claims at issue. *See* Fed. R. Civ. P. 12(f). To the extent a response is required, CBP admits only that the paragraph accurately quotes a portion of the document that appears at the referenced hyperlink, which is a letter dated October 27, 2021, and addressed to various members of Congress.

21.    After the publication of SBCC's letter, CIT units became the subject of a January 2022 congressional investigation by the Committee on Oversight and Reform

---

[9] https://d3n8a8pro7vhmx.cloudfront.net/alliancesandiego/pages/3292/attachments/original/1635367319/SBCC_letter_to_Congress_Final_10.27.21.pdf?1635367319.

and the Committee on Homeland Security. *See* Letter from Carolyn B. Maloney, Chairwoman, H. Comm. on Oversight & Reform *et. al.*, to Chris Magnus, Comm'r, U.S. CUSTOMS & BORDER PROT. (Jan. 24, 2022).[10]  CBP disbanded the units in May 2022 and transferred "full responsibility for the critical response function" to CBP's Office of Professional Responsibility. *See* U.S. CUSTOMS & BORDER PROT., CRITICAL INCIDENT RESPONSE TRANSITION & SUPPORT 1 (May 3, 2022).[11]

> **ANSWER:** The allegations in paragraph 21 do not set forth a claim for relief or allege facts in support of a claim to which a response is required, and are immaterial to the claims at issue. *See* Fed. R. Civ. P. 12(f). To the extent a response is required, CBP admits only, as to the first and second sentences, that a letter signed Carolyn B. Maloney of the congressional Committee on Oversight and Reform, dated January 24, 2022, to Commissioner Chris Magnus appears at the provided link. As to the third and fourth sentences, CBP admits only that a memorandum from Commissioner Magnus, dated May 3, 2022, with the subject "Critical Incident Response Transition and Support," appears at the provided link.

22.    After being taken from the scene to the local hospital, Ms. García Alcántara had to be transferred to Tucson for brain surgery. Surgeons were able to remove "some, but not all," of the bullet fragments from her brain. Three days after surgery, law enforcement removed Ms. García Alcántara from the hospital and placed

---

[10] https://oversightdemocrats.house.gov/imo/media/doc/2022-01-24.CBM%20BGT%20to%20Magnus-CBP%20re%20Sector%20Evidence%20Teams.pdf.

[11] https://borderoversight.org/files/2022-05-03_cbp_cits.pdf.

her in immigration detention. Ms. García Alcántara remained in detention for several weeks before being deported to Mexico. *See* Morrissey San-Diego Union-Tribune Article.

**ANSWER:** The allegations in paragraph 22 do not set forth a claim for relief or allege facts in support of a claim to which a response is required, and are immaterial to the claims at issue. *See* Fed. R. Civ. P. 12(f). To the extent a response is required, CBP admits only that the hyperlink provided in footnote five links to an article that discusses the experiences of a woman named Marisol García Alcántara, and this paragraph accurately quotes portions of that article. CBP lacks sufficient information to form a belief as to the truth of the remaining allegations and therefore denies the same.

23.    After surviving the shooting, Ms. García Alcántara has experienced "dizzy spells, excruciating headaches, and memory loss" and has been told by doctors of her "risk of becoming epileptic or suffering from facial paralysis in the future." *Id.* (punctuation omitted). Ms. García Alcántara stated in 2021 that her condition left her unable to work to support her family, which includes her three children. *Id.*

**ANSWER:** The allegations in paragraph 23 do not set forth a claim for relief or allege facts in support of a claim to which a response is required, and are immaterial to the claims at issue. *See* Fed. R. Civ. P. 12(f). To the extent a response is required, CBP admits only that the hyperlink provided in footnote five links to an article that discusses the experiences of a woman named Marisol García Alcántara and accurately quotes portions of that article. CBP lacks

12

sufficient information to form a belief as to the truth of the remaining allegations and therefore denies the same.

**Plaintiff's FOIA request to CBP**

24.     On February 19, 2026, Plaintiff Cornell submitted a FOIA request to CBP seeking "documents, photographs, and videos related to a shooting by Border Patrol Agent (BPA) Jason Dattilo on June 16, 2021, in Nogales Arizona." As part of this request, Cornell sought incident reports, witness statements, the employment history of two BPAs, communications between CBP employees about the June 16, 2021, shooting, photos and videos related to the shooting, and follow-up reports produced by CBP. Plaintiff's FOIA request to CBP is attached as Exhibit A, CBP FOIA request.

> **ANSWER:** CBP admits that Plaintiff submitted a FOIA request to CBP on February 19, 2026. CBP admits that Exhibit A contains Plaintiff's FOIA request and that this paragraph accurately quotes a portion of that FOIA request, and accurately describes the items the request purported to seek. CBP denies any remaining allegations not specifically admitted.

25.     On February 20, 2026, CBP replied to Cornell's request via email, acknowledging the request and assigning it the request number CBP-FO-2026-064171. CBP informed Cornell that it viewed the request as a third-party request that required a signed G-28 or G-639 form, or a signed statement from an individual allowing information to be released to the requester. CBP stated that since Cornell had not provided any of the signed forms, her request was "closed as insufficient," but that the closure was not a denial of the request itself. CBP's email to Plaintiff is attached as

13

Exhibit B, CBP email response.

**ANSWER:** CBP admits that, on February 20, 2026, CBP acknowledged receipt of Plaintiff's FOIA request, assigned it request number CBP-FO-2026-064171, and stated that it viewed the request as a third-party request requiring additional documentation and that the request was closed as insufficient but that the closure was not a denial. CBP further admits that this communication is contained in Plaintiff's Exhibit B. CBP respectfully refers the Court to that communication for a complete and accurate statement of the contents of that communication.

26.     On March 16, 2026, Plaintiff Cornell appealed CBP's determination that she was required to submit privacy waivers with her FOIA request and appealed the administrative closure of the request. CBP assigned the appeal tracking number CBPAP-2026-005803. Plaintiff's appeal is attached as Exhibit C, FOIA request appeal.

**ANSWER:** Defendant admits that, on March 16, 2026, Plaintiff submitted an administrative appeal to CBP, which was assigned the appeal tracking number CBP-AP-2026-005803, and that this appeal is contained in Plaintiff's Exhibit C.

27.     To date, Plaintiff Cornell has received no further responses from the agency.

**ANSWER:** CBP admits that it has not sent Plaintiff any additional communications in connection with the identified FOIA request.

28.     As of the date of this filing, CBP has not completed its search and review of records responsive to Plaintiff's request.

14

**ANSWER:** CBP admits the allegations in this paragraph, inasmuch as CBP closed Plaintiff's FOIA request as insufficient and therefore did not complete a search and review of records responsive to the FOIA request.

29.    As of the date of this filing, CBP has not indicated to Plaintiff which records it will produce and which records it seeks to withhold.

**ANSWER:** CBP denies the allegations in this paragraph. CBP closed Plaintiff's FOIA request as insufficient, thus indicating records responsive to the insufficient request would not be produced.

30.    As of the date of this filing, CBP has failed to make a determination on Plaintiff's request for records.

**ANSWER:** CBP denies the allegations in this paragraph. CBP closed Plaintiff's FOIA request as insufficient.

31.    As of the date of this filing, CBP has failed to make a determination on Plaintiff's appeal of the agency's administrative closure of her request.

**ANSWER:** CBP admits only that it has not responded to Plaintiff's appeal of CBP's closure of her FOIA request as insufficient.

32.    While agencies may administratively close requests "if the request does not adequately describe the records sought . . . [or] [i]f the requester does not respond to a request for additional information within 30 working days," *see* 6 C.F.R. § 5.3(c), Cornell's request clearly articulated the records sought "in sufficient detail to enable DHS personnel to locate them with a reasonable amount of effort . . . to permit an organized, non-random search for the record. *See* 6 C.F.R. § 5.3(b); Exhibit A, CBP

FOIA request.

**ANSWER:** CBP admits that agencies may administratively close requests "if the requestor does not respond to a request for additional information within 30 working days," pursuant to 6 C.F.R. § 5.3(c). The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, CBP denies the same.

33. Instead of responding to Cornell's FOIA request, CBP improperly administratively closed Cornell's request for lack of a third-person privacy waiver. A lack of a privacy waiver has no effect on agency obligations to adhere to FOIA's twenty-day statutory deadline to make statutory determinations of whether to comply with a FOIA request. In addition, FOIA Exemptions 6 and 7 allow agencies to withhold or redact information with adverse privacy implications from being released, and therefore, CBP failed to reasonably segregate responsive information.

**ANSWER:** Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, CBP denies the same.

34. Furthermore, even if Cornell had provided a signed G-28 and/or G-639 form, including either form would have had no impact on the information Cornell sought in her request.

**ANSWER:** Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is required, CBP denies the same.

35. The G-28 form is a DHS form that "is used to establish the eligibility of an attorney or accredited representative to represent a client . . . in an immigration matter

16

before . . . DHS." *See* U.S. DEP'T OF HOMELAND SEC., FORM G-28, INSTRUCTIONS FOR NOTICE OF ENTRY OF APPEARANCE AS ATT'Y AR ACCREDITED REPRESENTATIVE.

**ANSWER:** CBP admits only that the paragraph accurately quotes a portion of the instructions for the DHS G-28 form.

36.    The G-639 form is a United States Citizenship and Immigration Services (USCIS) form used "to request access to [USCIS] records under the Freedom of Information Act . . . and the Privacy Act." U.S. CITIZENSHIP & IMMIGR. SERVS., FORM G-639, FREEDOM OF INFO. ACT/PRIVACY ACT. Cornell's request did not seek any USCIS records for an individual. Her request was for information about employees of DHS and DHS's handling of a shooting incident. *See* Exhibit A, CBP FOIA request.

**ANSWER:** CBP admits only that the paragraph accurately quotes a portion of the U.S. Citizenship and Immigration Services G-639 form, and that Exhibit A reflects Plaintiff's FOIA request and the records it sought.

37.    CBP's improper administrative closure of Cornell's FOIA request impacted her appeal right, as administratively closing the request allowed the agency to sidestep making a legally mandated determination on the request and evade notifying Cornell of her right to appeal an agency denial or withholding, all in violation of the Act. *See* U.S.C. § 552(a)(6)(A)(i)-(aa).

**ANSWER:** Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, CBP denies the same.

## CLAIMS FOR RELIEF

### COUNT I
### FAILURE TO MAKE A DETERMINATION
### VIOLATION OF 5 U.S.C. § 552(a)(6)

38.     Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

**ANSWER**: CBP incorporates all its prior responses herein.

39.     FOIA requires an agency to make a determination within a maximum of 30 working days under *Citizens for Responsibility & Ethics in Washington v. Federal Election Commission ("CREW")*, 711 F.3rd 180 (D.C. Cir. 2013) (Kavanaugh, J.).

**ANSWER**: The allegations in paragraph 39 do not set forth a claim for relief or allege facts in support of a claim to which a response is required, and instead purport to construe the contents of a case, to which no response is required. CBP respectfully refers the Court to the cited case for a true and accurate statement of its contents.

40.     "[I]n order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id.* at 188.

**ANSWER:** CBP admits that paragraph 40 accurately quotes a portion of page 188 of *Citizens for Responsibility & Ethics in Washington v. Federal Election Commission*, 711 F.3rd 180 (D.C. Cir. 2013), but denies any remaining

18

allegations not specifically admitted.

41.    CBP has failed to make a determination as to Plaintiff's FOIA request and failed to make a determination on her attempted appeal.

**ANSWER:** Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, CBP denies that it failed to make a determination as to Plaintiff's FOIA request, and admits only that it has not responded to Plaintiff's appeal of CBP's closure of her FOIA request as insufficient.

## COUNT II
## FAILURE TO ESTIMATE A DATE OF PRODUCTION
## VIOLATION OF 5 U.S.C. § 552(a)(7)(B)(ii)

42.    Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

**ANSWER**: CBP incorporates all its prior responses herein.

43.    Defendant must establish a telephone line or internet service to provide an estimated date on which the agencies will complete action on the request.

**ANSWER:** Paragraph 43 contains legal conclusions or a request for relief to which no response is required. To the extent a response is required, CBP denies the same and denies Plaintiff is entitled to the relief sought in this paragraph.

44.    In violation of this statute, Defendant failed to provide an estimated date on which the request would be completed.

**ANSWER:** Paragraph 44 consists of legal conclusions to which no response is required. To the extent that a response is required, CBP denies the same.

## COUNT III
## UNLAWUFL WITHHOLDING OF AGENCY RECORDS
## VIOLATION OF 5 U.S.C. § 552(a)(3)(A)

45.     Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

**ANSWER:** CBP incorporates all its prior responses herein.

46.     Defendant is unlawfully withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA request.

**ANSWER:** Paragraph 46 consists of legal conclusions to which no response is required. To the extent a response is required, CBP denies the same.

47.     Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiff's FOIA request.

**ANSWER:** Paragraph 47 consists of legal conclusions to which no response is required. To the extent a response is required, CBP denies the same.

48.     Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

**ANSWER:** Paragraph 48 consists of legal conclusions to which no response is required. To the extent a response is required, CBP denies the same.

49.     Defendant's failure to disclose all responsive records violates its statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552(a).

**ANSWER:** Paragraph 49 consists of legal conclusions to which no response is

required. To the extent a response is required, CBP denies the same.

**COUNT IV**
**UNLAWFUL WITHHOLDING OF AGENCY RECORDS**
**VIOLATION OF 5 U.S.C. § 552(a)(7)(B)(ii)**

50.     Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

**ANSWER:** CBP incorporates all its prior responses herein.

51.     CBP is a government agency subject to FOIA and must therefore make reasonable efforts to search for and release requested records and otherwise lawfully support and provide the basis for any withholdings made pursuant to the exemptions provided by the FOIA.

**ANSWER:** CBP admits that it is a government agency subject to FOIA. The remaining allegations in paragraph 51 consist of legal conclusions to which no response is required. To the extent a response is required, CBP denies the same.

52.     Plaintiff has a legal right under the FOIA to the timely search and release of responsive, non-exempt agency records responsive to the Plaintiff's FOIA requests.

**ANSWER:** Paragraph 52 consists of legal conclusions to which no response is required. To the extent a response is required, CBP denies the same.

53.     CBP failed to conduct a timely search and release responsive, non-exempt agency records in response to the Plaintiff's FOIA requests.

**ANSWER:** Paragraph 53 consists of legal conclusions to which no response is required. To the extent a response is required, CBP admits only that it has not

conducted a search nor released records in response to Plaintiff's FOIA request, inasmuch as that request was closed as insufficient.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. enter judgment on all counts in favor of Plaintiff and against Defendant;

2. declare Defendant's withholdings under the FOIA unlawful and enjoin Defendant from continuing to withhold all non-exempt records responsive to the FOIA Requests;

3. order Defendant to produce, within 20 days of the Court's order, or by such other date as the Court deems appropriate, all non-exempt records responsive to the FOIA Requests, all segregable records responsive to the FOIA Requests, and indices justifying the withholding of any responsive records withheld under any claim of exemption;

4. award Plaintiff reasonable costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d)(1)(A); and

5. award Plaintiff such further relief as the Court deems just, equitable, and appropriate.

    **ANSWER:** Paragraphs 1 to 5 constitute Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, CBP denies Plaintiff is entitled to the requested relief.

## DEFENSES

At this time, and subject to additional investigation, CBP asserts the following

22

defenses:

1.      The Complaint fails to state a claim for which relief can be granted.

2.      Plaintiff is not entitled to the production of any records exempt from disclosure by one or more exemptions enumerated in FOIA, 5 U.S.C. § 522, or any other applicable law.

3.      Defendant acted in good faith, with justification, and pursuant to law at all times alleged in the Complaint.

4.      Plaintiff is not entitled to relief other than that enumerated in FOIA, 5 U.S.C. § 522.

5.      Plaintiff's FOIA request did not comply with FOIA or trigger a search or production obligation. Plaintiff's claims are not enforceable under FOIA to the extent a reasonable search cannot be undertaken.

6.      To the extent the Complaint refers to external documents, statutes, or other sources, CBP's references  \thereto (except as expressly admitted herein) are not an admission that the cited materials are correctly cited or quoted by Plaintiff; are relevant to this action; or are admissible in this action.

WHEREFORE, having fully answered the Complaint, CBP requests that judgment be entered for CBP, together with costs and such other relief as the Court deems appropriate in this case.

///

Dated: July 10, 2026

Respectfully submitted,

PETER MCNEILLY
United States Attorney

s/ Winnie D. Wu
**Winnie D. Wu**
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Email: Winnie.Wu@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

*s/    Winnie D. Wu*
U.S. Attorney's Office